**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

COREY DUNTON,

Plaintiff, 9:25-cv-150 (ECC/CBF)

v.

BRIAN HILTON, et al.,

Defendants.

---

**Appearances:**

Corey Dunton, *Pro se Plaintiff*
Patrick R. Blood, Asst. Att'y General, *for Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff Corey Dunton commenced this civil rights action under 42 U.S.C. § 1983 asserting claims for the violation of his constitutional rights while participating in the Step Down Program during his confinement at Mid-State Correctional Facility. Dkt. Nos. 1, 12. By Decision and Order entered on May 22, 2025, Plaintiff's IFP Application was granted, and after screening the Amended Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court permitted the following claims to proceed to service: 1) Eighth Amendment conditions-of-confinement claims based on lack of adequate clothing against Defendants Superintendent Brian Hilton, Sergeant William Dundon, Sergeant Gregory Mayo, Sergeant Joshua Walker, First Deputy Superintendent Reginald Bishop, Deputy Superintendent of Security Roger Murphy, Lieutenant Scott Carpenter, Lieutenant Brandon Coffey, Lieutenant Ronald Hall, Assistant Deputy Superintendent London Harris, Lieutenant Ronald Hebble, Lieutenant Keith Klein, Lieutenant

Daniel Nevins, Lieutenant Mandy Roth, Lieutenant Michael Surpenant, SORC/Deputy of Mental Health Jennifer Christopher, Assistant Deputy Superintendent Courtney Laliberte, and Deputy Superintendent of Administration Jason Storey; 2) Eighth Amendment conditions-of-confinement claims against Defendants Hilton, ORC Scott Blackwell, ORC Jonathan Brown, ORC Toni Lynne Klossner, ORC Jordan Lewis, ORC David Loomis, ORC Shawn Luther, ORC Suzette Moore, ORC Jordan Perham, ORC/SORC Paul Piersma, ORC Sara Fish, ORC/SORC William Ciancio, and ORC Alyssa Schiavi based on punishments levied against Plaintiff in addition to disciplinary sanctions; and 3) Fourteenth Amendment due process claims against Defendants Hilton, Blackwell, Brown, Klossner, Lewis, Loomis, Luther, Moore, Perham, Piersma, Fish, Ciancio, and Schiavi based on punishments levied against Plaintiff in addition to disciplinary sanctions. Dkt. No. 13 at 7-8.

The above-named Defendants subsequently filed motions to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. Nos. 55, 63, 69. The motions are fully briefed. Dkt. Nos. 65, 66, 67, 68, 71, 72. This matter was assigned to United States Magistrate Judge Carla B. Freedman, who issued a Report-Recommendation on September 1, 2026, recommending that the Defendants' motions to dismiss be granted. Dkt. No. 77. Magistrate Judge Freedman advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections, and that the failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 33. Plaintiff filed objections to the Report-Recommendation. Dkt. No. 79. For the reasons set forth below, the Court accepts and adopts Magistrate Judge Freedman's Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

This Court reviews de novo those portions of the Magistrate Judge's findings and

recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

## III. DISCUSSION

After careful consideration of the Amended Complaint and the parties' submissions, Magistrate Judge Freedman determined that Plaintiff's Eighth and Fourteenth Amendment claims fail to state a claim under Fed. R. Civ. P. 12(b)(6) because they do not plausibly allege the personal involvement of any of the named Defendants. Dkt. No. 77. Specifically, Magistrate Judge Freedman found that Plaintiff alleges liability against these Defendants based solely on their supervisory positions and job titles, in contravention of well-settled Second Circuit authority providing that "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* at 6 (quoting *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009))). Magistrate Judge Freedman thus concluded that allegations the supervisory Defendants addressed Plaintiff's grievances concerning the complained of conduct or failed to remedy conduct

alleged in the aforementioned grievances do not amount to personal involvement under the *Tangreti* standard, and otherwise that Defendants' mere "'linkage in the prison chain of command is insufficient' to implicate a state supervisory official in a Section 1983 claim." *Id.* at 6-16 (citation omitted).

Plaintiff objects to Magistrate Judge Freedman's dismissal based on failure to sufficiently plead the personal involvement of the Defendants. Dkt. No. 79. Plaintiff argues that "someone has to be liable for the constitutional violations" for which he alleges, and that such liability should attach to the named Defendants who make up the executive team of the Step Down Program, because they were "in charge" of providing proper clothing and answering grievances in regards to misconduct. *Id.* at 1-2. Plaintiff further argues that these Defendants are the "only ones" responsible for the constitutional violations concerning alleged punishments levied against him, because they are members of the executive team and therefore responsible for disciplinary sanctions. *Id.* at 2-4.

The Court agrees with Magistrate Judge Freedman's determination that Plaintiff has not plausibly alleged the personal involvement of the named Defendants. As Magistrate Judge Freedman observes, Defendants cannot be held liable to Plaintiff for alleged constitutional violations he sustained as a participant in the Step Down Program at Mid-State Correctional Facility solely by reason of their positions as supervisors, and/or position on the executive team. Such allegations, seeking liability in the § 1983 context under a theory of vicarious liability, do not pass muster under *Tangreti* and *Iqbal*. *See Myers v. Davenport,* No. 9:21-cv-922 (LEK/CFH), 2022 WL 3017367, at *4 (N.D.N.Y. July 29, 2022) ("Liability based . . . solely due to a failure to supervise, without more, constitutes precisely the type of vicarious, respondeat superior liability that *Iqbal* and *Tangreti* eliminate.").

This is not to say, however, that Defendants *cannot* be held liable for the alleged constitutional violations because they hold supervisory roles. Rather, the supervisor and/or team member Defendant must have some level of personal involvement, just like any other defendant. Here, however, Plaintiff's allegations fail to demonstrate any individual Defendant's personal involvement in the alleged constitutional deprivations, namely violations of the Eighth and Fourteenth Amendment, through their own active conduct. Instead, Plaintiff generally describes the inadequate conditions and illegal discipline that he was subject to, and alleges that various Defendants were generally aware of these deficiencies, or "responsible" for them. To the extent Plaintiff seeks to assert liability against any of the named Defendants for creating or continuing policies under which allegedly unconstitutional practices occurred, Plaintiff does not allege any factual bases to support the personal liability of any Defendant under such a theory, including identifying the alleged policy itself or which Defendants had policy-making authority and are alleged to have promulgated such policy. *See Flannery v. Cnty. of Niagara*, 763 F. Supp. 3d 364, 402 (W.D.N.Y. 2025) (finding allegations insufficient to establish personal involvement in constitutional violations where plaintiff "fail[ed] to allege, with the required degree of specificity or factual basis, as required by *Iqbal*, any description as to the nature of such unconstitutional policies, customs and practices allegedly adopted by Sheriff Filicetti or that he allowed the continuance of such policies, customs and practices sufficient to establish Filicetti's personal involvement in the alleged constitutional violations.").

In sum, the lack of factual allegations describing the specific action or inaction of each individual Defendant contributing to Plaintiff's inadequate conditions of confinement or denial of due process is fatal to Plaintiff's claims, and Plaintiff cannot otherwise rely merely on the Defendants' roles as supervisors to impose liability under § 1983. Accordingly, the Court adopts

Magistrate Judge Freedman's recommendation that the Amended Complaint be dismissed for failure to plausibly allege the Defendants' personal involvement. *See Atkinson v. Okocha*, No. 20-cv-4497, 2021 WL 40258, at *4 (E.D.N.Y. Jan. 5, 2021) (dismissing amended complaint for failure to allege personal involvement, noting that "wholly absent from the Amended Complaint are any factual allegations regarding the conduct or inaction of each Defendant that Plaintiff seeks to hold liable . . . . Rather, Plaintiff describes the general roles the Defendants played . . . ."); *Smith v. Doe #1*, No. 9:25-cv-0765 (BKS/MJK), 2026 WL 1706764, at *2 (N.D.N.Y. June 12, 2026) (finding that "plaintiff's sweeping and general allegations fail to sufficiently identify the specific involvement [of] the[] defendants").

In this Circuit, "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); see also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)); *see also Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 148 n.4 (2d Cir. 2020) ("Under Rule 15(a)(2), leave to amend should be freely given unless there is "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (quoting *Foman v. Davis*, 371 U.S. 178, 182–83 (1962)). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (quoting *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018)).

Here, although Plaintiff amended once as of right prior to the filing of Defendants' motion to dismiss, the Court finds that the pleading deficiencies identified in this opinion may be corrected, thus amendment is not necessarily futile. Moreover, Plaintiff has yet to have had the benefit of the Court's analysis on Defendants' motion to dismiss, further warranting leave to amend under these circumstances. Accordingly, the Court will permit Plaintiff an opportunity to file a Second Amended Complaint.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Freedman's Report-Recommendation, Dkt. No. 77, is **ACCEPTED and ADOPTED** in all respects for the reasons set forth therein; and it is further

**ORDERED** that Defendants' motions to dismiss, Dkt. Nos. 55, 63, 69, are **GRANTED**; and it is further

**ORDERED** that Plaintiff may file a second amended complaint within **THIRTY (30) days** of the date of this Order, in accordance with the conclusions stated above; and it is further

**ORDERED** that the that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 18, 2026

Elizabeth C. Coombe
U.S. District Judge